IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KATHERINE E. MEYER,                )
                                   )
          Plaintiff,               )        8:08CV231
                                   )
     v.                            )
                                   )
SHEA DEGAN, DANIEL P. CONWAY,      )        MEMORANDUM AND ORDER
EUGENE J. GRAVES JR., DANIEL       )
GRAVES, JOHN DOE I, JOHN DOE II,   )
JOHN DOE III, and JOHN DOE IV,     )
                                   )
          Defendants.              )
_____    )

          This matter is before the court on certain defendants' (Shea Degan, Daniel P.

Conway, John Doe I, John Doe II, John Doe III, and John Doe IV) motion to dismiss, Filing

No. 30, pursuant to Fed. R. Civ. P. 12(b)(6).   In her amended complaint plaintiff alleges

violations of 42 U.S.C. § 1983, violations of the Fourth and Fourteenth Amendment to the

United States Constitution, and assault, battery and false imprisonment.  Filing No. 28.

The defendants named in this motion to dismiss are deputy sheriffs employed by Douglas

County, Nebraska.  *Id.*  Plaintiff alleges these defendants acted under color of state law,

although they acted outside the scope of their employment.  *Id.* at ¶ 3.  These deputy

sheriffs, named and unnamed, are sued in both their individual and official capacities.

Defendant Eugene J. Graves, Jr., is a private individual and not a member of the Douglas

County Sheriff's office.  The allegations of the amended complaint state that he conspired

with the deputy sheriffs to violate plaintiff's constitutional rights.  Defendant Daniel Graves

is likewise a citizen, not part of the sheriff's office, who allegedly acted in concert with

Eugene Graves, Jr. and the deputy sheriffs, to violate plaintiff's constitutional rights.  *Id.*

Neither of these two defendants (Graves and Graves, Jr.) is subject to this motion to dismiss.

The plaintiff alleges the following facts in her amended complaint.  On or about June 3, 2007, defendants Daniel Graves and Eugene Graves, Jr., and Deputy Sheriff  Shea Degan entered the plaintiff's premises by knocking down the back door of the garage.  No search warrant existed.  Graves and Graves, Jr. wanted to obtain certain property from the plaintiff.  Thereafter, the  John Doe deputy sheriff defendants and Deputy Conway arrived and also entered plaintiff's residence.   All sheriff defendants wore their uniforms and badges, carried their guns, and drove their squad cars, with the exception of Deputy Degan who did not have his uniform on at the time.   Defendants Graves and Graves, Jr. took computers, papers, documents, a GPS tracking system, a camcorder, a bike, and a sports utility vehicle from the plaintiff, and allegedly damaged other property.  Plaintiff claims the deputy sheriffs told her to stay away while the other defendants took the items.  She also claims that Deputy Degan pointed his gun at her and threatened to shoot, that Deputy Conway and the John Doe defendants physically assaulted her, and that all defendants in concert with each other detained and arrested her.  The defendants then took plaintiff to a detention center where she posted bail at 10:00 p.m. that night.  Plaintiff contends that she did not commit any criminal offense and the state filed no charges against her.  Plaintiff contends there existed no probable cause to enter, arrest, or detain her.  As a result, plaintiff alleges she received physical and mental injuries, received medical treatment, incurred pain and suffering, and suffered business losses.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.  8(a)(2).  The rules

2

require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, —, 127 S. Ct. 1955, 1965 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, —, 127 S. Ct. 2197, 2200 (2007) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. at —, 127 S. Ct. at 1964). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* In other words, the complaint must plead enough facts to state a claim for relief that is plausible. *Id.* at 1974. Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See id.* at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1966.

Defendants contend that (1) the official claims against them pursuant to 42 U.S.C. § 1983 should be dismissed as plaintiff alleged no custom, policy or practice violation by

3

Douglas County; (2) plaintiff's pendant state law claim pursuant to Neb. Rev. Stat. § 20-148 should be dismissed for failure to state a claim; (3) plaintiff's state law claims for tort violations should be dismissed for failure to allege compliance with the Nebraska Tort Claims Act, Neb. Rev. Stat. § 13-901; and (4) plaintiff's pendant state law claims for assault, battery, false imprisonment and false arrest are barred under the Nebraska Tort Claims Act, Neb. Rev. Stat. § 13-910(7).

First, plaintiff has agreed that the individual deputy sheriffs cannot be sued in their official capacities in this case. Defendants' brief, Filing No. 38 at 1. Further, plaintiff has agreed to dismiss the fourth claim in this action, which includes the pendant state law claims under Neb. Rev. Stat. § 20-148. *Id*. at 1-2. Accordingly, the motion to dismiss will be granted in this regard.

Plaintiff contends that she is entitled to pursue her claims based on false imprisonment, false arrest, and assault and battery as set forth in the fifth, sixth and seventh causes of action. Plaintiff alleges that the defendants acted under color of state law and used their official positions to obtain assistance to enable civilians (defendants Graves and Graves, Jr.) to obtain property from plaintiff's home. More importantly, the amended complaint also alleges that these defendant deputies acted on behalf of defendant Graves and Graves, Jr. in a personal matter and not on official business. Filing No. 28 at 2. According to the plaintiff, defendants acted outside the scope of their employment in this regard. Because these actions occurred outside the scope of employment, plaintiff argues that the Nebraska Tort Claims Act does not apply, even though the wrongful actions occurred under color of state law. Accordingly, plaintiff argues

that her fifth, sixth, and seventh causes of action, when taken as true, constitute valid claims against the defendants and should be allowed to proceed.

For purposes of this motion, the court agrees with the plaintiff.  First, the complaint clearly alleges that these defendants acted under color of state law, clothed with the authority of the state, but outside the scope of defendant deputy sheriffs' authorized employment.  This is sufficient to state a case of action under § 1983.  *Hafer v. Melo*, 502 U.S. 21, 28 (1991).  The Supreme Court has stated that in a § 1983 action to act under color of state law a defendant must have used the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed by the authority of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988).  *See also Rogers v. City of Little Rock*, 152 F.3d 790, 798 (8th Cir. 1998) (rape victim relied on defendant's authority as a police officer, and district court did not err in finding defendant acted under color of state law).  The Sixth Circuit has stated that to determine whether an officer acts under color of law, the court must look at "[s]uch manifestations of official authority include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations." *Memphis, Tennessee Area Local v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2004); *see also Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir. 1997) ("Our cases indicate that a municipal police officer may, in an appropriate circumstance, be said to have acted under color of state law even while working off duty as a private security officer.")

Second, the Nebraska Tort Claims Act does not apply to "[a]ny claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  Neb. Rev.

5

Stat. §13-910(7).  According to the plaintiff, these deputy sheriffs, acting outside the scope of their employment,  used their power and authority to assist a private individual to search, seize and arrest the plaintiff, and acted without probable cause to seize property from her premises.  The court agrees with the plaintiff that because such actions occurred outside the scope of employment, the Nebraska Torts Claims Act is not implicated.  The court finds that plaintiff has stated claims sufficient to proceed against these defendants as set forth herein.

THEREFORE, IT IS ORDERED that:

1.  Defendants' motion to dismiss, Filing No. 30, is granted as to the claim against all the sheriff defendants in their official capacity;

2.   Defendants' motion to dismiss, Filing No. 30, is granted as to the state law claims under Neb Rev. Stat. § 20-148; and

3.  Defendants' motion to dismiss, Filing No. 30, is denied in all other respects.

DATED this 20th day of February, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

6